T.C. Memo. 1998-373

UNITED STATES TAX COURT

ANNE R. DUGAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9808-97.                    Filed October 15, 1998.

Anne R. Dugan, pro se.

<u>Kimberley J. Peterson</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, <u>Judge</u>:  Respondent determined a deficiency in petitioner's Federal income tax for the year 1994 in the amount of $11,402 and an addition to tax in the amount of $545 under section 6651(a)(1).

Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions by the parties, the sole issue for decision is whether petitioner is entitled to a business deduction for the cost of certain meals in the amount of $450 for the taxable year 1994. We hold that she is not.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts are incorporated into these findings by this reference. When the petition in this case was filed, petitioner resided in Sunnyvale, California.

During 1994, petitioner was self-employed as a licensed acupuncturist. She maintained a business address in San Jose, California, for all of 1994, and in Sunnyvale, California, for part of the year.

Petitioner shared office space at the San Jose address with a chiropractor, Dr. Catherine Zimmerman, who used the office Mondays, Wednesdays, and Fridays. Petitioner used the office Tuesdays and Thursdays. Petitioner paid Dr. Zimmerman rent, and they shared office expenses. They also treated some patients in

common, as Dr. Zimmerman referred a number of patients to petitioner.

During 1994, petitioner and Dr. Zimmerman often met at lunchtime and shared meals. At their lunch meetings, petitioner and Dr. Zimmerman discussed treatment of their patients and details of office administration and operations. Petitioner also met with Dr. Zimmerman at times when they did not share a meal, but lunchtime was often the best opportunity to meet.

Petitioner and Dr. Zimmerman alternated paying for their meals together. Each week, petitioner paid for one to three meals with Dr. Zimmerman.

On her Federal income tax return for the taxable year 1994, petitioner reported expenses attributable to meals taken with Dr. Zimmerman totaling $900. After application of the 50-percent limitation for meals and entertainment pursuant to section 274(n)(1), these expenses gave rise to a claimed deduction of $450, which respondent disallowed as not being ordinary and necessary expenses for petitioner's trade or business.

## OPINION

Section 262(a) generally disallows the deduction of personal, living, or family expenses. Except as permitted under sections 162, 212, or 217, the costs of a taxpayer's meals not incurred in traveling away from home are nondeductible personal expenses. Sec. 1.262-1(b)(5), Income Tax Regs.

Section 162(a) allows as a deduction "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  The question for consideration is whether petitioner is entitled under section 162 to deduct the cost of the meals with Dr. Zimmerman.[1]

Petitioner bears the burden of proving that the expenses in question are ordinary and necessary business expenses.  See Rule 142; Welch v. Helvering, 290 U.S. 111 (1933).  "Daily meals are an inherently personal expense, and a taxpayer bears a heavy burden in proving they are routinely deductible."  Moss v. Commissioner, 80 T.C. 1073, 1078 (1983), affd. 758 F.2d 211 (7th Cir. 1985).

In Moss, members of a law firm met daily at a local cafe to discuss work-related matters.  As in the instant case, the noon hour was chosen as the most convenient and practical time for the firm to hold meetings.  This Court acknowledged the valid business purposes for the lunch meetings, but nevertheless held the costs of the meals to be nondeductible personal expenses, rather than ordinary and necessary business expenses.

> we are convinced that petitioner and his partners and associates discussed business at lunch, that the meeting was a part of their working day, and that this

---

[1]  Sec. 212, which applies to nontrade or nonbusiness expenses that are costs of producing income, and sec. 217, which applies to moving expenses, are not at issue in this case.  Nor were the expenses incurred while petitioner was traveling away from home.

time was the most convenient time at which to meet.  We are also convinced that the partnership benefited from the exchange of information and ideas that occurred.

But this does not make his lunch deductible any more than riding to work together each morning to discuss partnership affairs would make his share of the commuting costs deductible. * * * [Moss v. Commissioner, supra at 1080-1081.]

In affirming this Court's decision in Moss v. Commissioner, supra, the U.S. Court of Appeals for the Seventh Circuit focused on the lack of a business objective for the meals, distinguishing meals with "outsiders", such as clients or customers, from meals with coworkers:

[Coworkers] know each other well already; they don't need the social lubrication that a meal with an outsider provides--at least don't need it daily.

*    *    *    *    *    *    *

* * * the meal itself was not an organic part of the meeting, * * * where the business objective, to be fully achieved, required sharing a meal.  [Moss v. Commissioner, 758 F.2d at 213-214.]

Similarly, in Hankenson v. Commissioner, T.C. Memo. 1984-200, this Court held that expenses of meals incurred by a physician in the course of frequent lunchtime meetings which he hosted for nurses and medical colleagues constituted nondeductible personal expenses, because of the absence of a clear nexus between the expenses and the taxpayer's production of income.

In the instant case, sharing a meal with Dr. Zimmerman was not integral to petitioner's business objectives and has not been

clearly linked to her production of income. They met at lunchtime because that was the most convenient and feasible time to meet. Their business relationship was well established and did not require "social lubrication", at least not as often as petitioner and Dr. Zimmerman dined together. Indeed, the frequency of their lunches together and the reciprocal nature of their meal arrangement belie the existence of any business purpose for the meals.

Petitioner has stipulated that she and Dr. Zimmerman alternated paying for the meals. In substance, then, each was bearing only the expense of her individual meals. If taxpayers were permitted to deduct meal expenses in such circumstances then, as this Court has observed, "only the unimaginative would dine at their own expense." Moss v. Commissioner, 80 T.C. at 1081.

Accordingly, we sustain respondent's determination. To reflect the foregoing and concessions by the parties,

Decision will be entered under Rule 155.